IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-04276-SKC

FREDIS TORO-ARAQUE,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

# ORDER

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). Dkt. 1. The Court ordered Respondent to show cause why the Petition should not be granted. Dkt. 4. Respondent filed a response to the Order to Show Cause, stating that it is not filing a brief in opposition to the Petition. Dkt. 7 at 1-2. Petitioner filed a Reply. Dkt. 10. For the reasons shared below, the Court GRANTS IN PART and DENIES IN PART the Petition.

Petitioner is confined at an immigration detention facility in Aurora, Colorado. Dkt. 1. He is a native and citizen of Venezuela. *Id.* at 9. He entered the United States without inspection on or about October 5, 2023, a Notice to Appear was issued on October 14, 2023, and he was released from immigration custody. *Id.* at 5, 21, 23, 40.

Petitioner lived in Colorado for more than two years before being re-arrested by ICE on July 5, 2026. *Id.* at 5. He has been held in immigration detention without an individualized custody determination since that date. *Id.*

Petitioner is subject to ongoing removal proceedings. On August 19, 2026, the IJ concluded that the Immigration Court lacked jurisdiction to redetermine Petitioner's custody because he is subject to mandatory detention pursuant to *Matter of M-S,* 27 I&N Dec. 509 (A.G. 2019). *Id.* at 9-11, 36. The ruling did not address whether Petitioner's continued detention is necessary or justified. *Id.*

Petitioner asserts the following three claims: (1) Petitioner's prolonged detention without an individualized custody review violates the Due Process Clause of the Fifth Amendment; (2) The government has not established lawful statutory authority for Petitioner's present detention; and (3) The Tren de Aragua allegations in the I-213 are unadjudicated and contradicted by the record. *Id.* at 5. Based on the factual allegations, along with the IJ's order denying bond based on a lack of jurisdiction, the Court liberally construes the Petition to assert that Respondent is treating Petitioner as an applicant for admission who is "seeking admission" under 8 U.S.C. § 1225(a)(1) and detaining him under § 1225(b)(2)(A), which takes him outside the IJ's bond authority. *Id.* at 5, 11. As relief, he requests release from custody or a bond hearing. *Id.* at 7, 12.

Respondent does not address the merits of Petitioner's claim. *See* Dkt. 7 at 1

("For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Citing the recent decision of the United States Court of Appeals for the Tenth Circuit in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), Respondent states "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.* at 1-2.

Because Respondent does not contest Petitioner's claim that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a), the Petition will be granted in part. However, the Court agrees with Respondent that, because Petitioner may properly be subject to detention under § 1226(a), the appropriate relief is an order directing the Government to either provide a bond hearing within seven days or release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing the district court to "order the Government to, within seven days of such order, either provide [Santillan Quiroz] with a bond hearing or else release him"). Thus, to the extent Petitioner requests immediate release, the request is denied.

For these reasons, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1) is **GRANTED IN PART**, **DENIED IN PART**, and the Court **ORDERS** as follows:

1. Respondent is **ORDERED** to provide Petitioner a bond hearing within seven days from the date of this order. At the bond hearing, the Government shall bear the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence. *Guevara Garcia v. Bondi*, No. 26-cv-01012-SKC, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026). If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;
2. Respondent **SHALL FILE** a status report within **FIVE DAYS** after Petitioner's bond hearing or release concerning (1) the results of any bond hearing, including the immigration judge's findings regarding risk of flight and evidence of dangerousness, that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and
3. All pending motions are **DENIED AS MOOT.**

DATED October 1, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge